IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT ...
NORTHERN D... ...
FILED
OCT 2 2 2020
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| RYAN, LLC F/K/A RYAN & COMPANY, INC. § § § | |
| V. § | CIVIL ACTION NO. 3:12-CV-2391-O |
| § § | |
| INSPIRED DEVELOPMENT, LLC, ET AL. § § | |

## <u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING MOTIONS FOR LEAVE TO APPEAR REMOTELY FOR MEDIATION</u>

Pending before the Court are the following two motions filed on October 22, 2020: (1) Defendant Estate of Donald W. Sloan's Verified Motion for Leave to Appear Remotely [doc. 250] and (2) Plaintiff's Motion for Leave to Appear Remotely [doc. 251]. In an order dated October 15, 2020, the Honorable Reed O'Connor referred the above-styled and numbered cause to the undersigned to conduct a mediation no later than October 30, 2020. Thereafter, on October 20, 2020, after consultation with the parties, the undersigned scheduled the mediation for October 29, 2020.

In Plaintiff Ryan, LLC's motion, Plaintiff requests that its representative and counsel be permitted to appear remotely at the mediation due to the health risks associated with the COVID-19 pandemic. In Defendant's motion, Defendant Martin Cohn ("Cohn"), Administrator of the Estate of Donald Sloan, requests that he be allowed to appear remotely due to the same health risks as well that there are no assets in the Estate to fund Cohn's travel from Illinois to Texas for the mediation.

At the request of the district court judges, the undersigned generally serves as a mediator at no cost to the parties to facilitate settlements in cases where paying for a mediator is not feasible

for one or more parties. However, for such mediation to be successful, all parties and counsel must appear at the mediation, be willing to attend the mediation in good faith, and have an honest desire to settle the case.[1] While the Court recognizes the risks associated with the COVID-19 pandemic, the Court has established procedures that allow all parties and counsel to social distance during mediations and wear masks as desired. Moreover, a mediation performed completely remote via zoom or the telephone is an inefficient use of the Court's limited resources and does not promote a likelihood of success. Consequently, the Court **RECOMMENDS** that the District Court deny the motions, withdraw the reference of mediation to the undersigned, and order the parties to hire a mediator to mediate their case at the parties' expense and in the manner in which they desire.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest

---

[1] While the Court has previously allowed a corporate representative to appear via telephone at a mediation, all counsel and all other parties were present at such mediation and counsel for the corporation had full settlement authority. In such circumstance, the Court was not tasked with trying to manage and coordinate multiple and on-going phone conversations or zoom meetings with each side as such responsibility was placed on the corporate counsel present at the mediation.

injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **November 5, 2020,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 22, 2020.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE